Judge Owsley
delivered the, opinion of the court.
This is an appeal from a judgment rendered against Wells as sheriff of Hardin counts, upon a motion made bv Caldwell, under the act of February, 1811, for a failure in returning an execution according to the requisitions of that act. ,
On the trial of the motion, Caldwell introduced ⅜ witness for the purpose of proving that Robert Miller, to whom the execution -appears to have been delivered, was the deputy of Wells, but the counsel of Wells supposing that parol evidence was inadmissible for that purpose, objected to the evidence; but the objection was overruled, and the witness examined. Whether, therefore, the court erred in admitting the evidence, is the first question presented for the decision of this court.
As, according to the law of this country, a record should be made of the appointment and qualification of both a principal and depot , sheriff, before either is authorised to perform the ditties of the office, there is no doubt, but that, *442 in a (rial involving the fact, neither the principal nor tie-puty would be permitted to shew by the introduction of pa-rol evidence their appointment to office,
Wicklijfe for appellant, B. Hardin for appellee,
roón*by law" courts could f’punisii sher-1¾ n°th: mandates of t-be^r process without a ju orian 1811 (session acts ll'o'f l°’Pat?t (iirpún^⅛⅛ a sheriff for fining' io pay mcreyby the authority of the court at iridT jury.
But as by assuming the character and acting in that ca-they wou^ be estoped to deny their appointment, we apprehend it is equally clear, that any other person may shew their liability by the introduction of parol evidence of (⅛⅛ having acted in the capacity of a sheriff.; The court therefore properly permitted Caldwell to prove by parol evidence that Miller was the deputy of Wells, Assuming, therefore, that the evidence was admissible, ** res"lts, that, as the execution is shewn to have been regularly delivered to Miller, the deputy, and not returned according to the provisions ofthe act under which the motion was the court decided correctly in rendering judgment against Wells, unless, as is contended, it were incompetent for the court to decide the case without the intervention of a jury.
There was certainly no necessity for a jury, unless by that provision in the constitution requiring “the ancient mode 0f jr¡a¡ ijV ;ury to [je held sacred, and the right thereof to remain inviolate,” renders it indispensible.
But as by the ancient principles of the commoh latf, courts^ for a neglect in the sheriff to return executions according to the mandate of the writs, might, without Ihfe intervention? of a jury,' determine the fact and punish the contempt: so we apprehend, since the passage of the act of IjR can be no violation of the ancient right of trial by jury; for the court to decide upon the facts of the case Aid render judgment according to the provisions af tlle ñct-
The judgment must therefore be affirmed with cost,